**Joga SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74614.

Agency No. A76–862–327.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Paul Fiorino, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN and TROTT, Circuit Judges.

MEMORANDUM **

Joga Singh, a native and citizen of India, petitions for review of the Board of Immi-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition for review.

The IJ properly denied Singh's asylum claim because substantial evidence supports the IJ's adverse credibility finding. The IJ based his adverse credibility finding on, among other things, inconsistencies between Singh's testimony and asylum interview on matters that go to the heart of his claim, including the length of time he was detained by police. *See Chebchoub,* 257 F.3d at 1043.

Singh's contention that the IJ improperly faulted him for not providing corroborating evidence lacks merit, because the IJ only required Singh to submit corroborating evidence that Singh stated he could obtain, *see Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000), and the IJ did not base his credibility finding on a failure to produce corroborating evidence.

Singh's contention that the IJ erred in relying on the asylum officer's notes in assessing his credibility lacks merit because Singh fails to show how cross examining the asylum officer would have affected the outcome of the proceedings when he admitted making the statements that the IJ relied on. *See Ladha v. INS,* 215 F.3d 889, 904 (9th Cir.2000).

Because Singh failed to show that he was eligible for asylum, it follows that he did not qualify for withholding for removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Singh's claims under CAT are based on the same evidence as his claim for asylum, which the IJ determined to be not credible. Consequently, Singh cannot qualify for relief under CAT. *See id.*

PETITION FOR REVIEW DENIED.